UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 14-131 |
| DEDRICK KEELEN | SECTION: "P" (5) |

### ORDER AND REASONS

Before the Court are the following motions filed by defendant Dedrick Keelen ("Keelen"): "Motion for the Production of Documents – Motion to Proceed *In Forma Pauperis*";[1] Motion to Compel Defense Counsel to Surrender Case File;[2] and "(1) Motion for the Production of Documents (2) Motion to Proceed *In Forma Pauperis*."[3] The Government opposes the motions for production and to proceed *in forma pauperis*.[4] For the following reasons, and as explained more fully below, the Court denies Keelen's motions for the production of documents or materials, denies Keelen's motion to compel defense counsel to surrender his case file, and denies as moot Keelen's motions to proceed *in forma pauperis*.

I.   BACKGROUND

In 2015, Keelen and his co-defendants were charged in a 31-count second superseding indictment alleging violations of the Racketeer Influenced and Corrupt

---

[1] R. Doc. 1097.
[2] R. Doc. 1101.
[3] R. Doc. 1106.
[4] R. Docs. 1103, 1109.  While the Government initially offered no objection to Keelen's "Motion for the Production of Documents – Motion to Proceed *In Forma Pauperis*" (R. Doc. 1097), the Government later revised its position *See* R. Docs. 1099, 1103.

Organizations Act ("RICO"), the Federal Controlled Substances Act, the Federal Gun Control Act, and the Violent Crimes in Aid of Racketeering Act ("VICAR").[5] Of the 31 counts, Keelen was specifically charged with eight.[6] Following a 2017 jury trial, Keelen was found guilty on all eight counts.[7] On appeal, the Fifth Circuit vacated his firearms convictions but affirmed his convictions for the RICO conspiracy, drug-trafficking conspiracy, murders in aid of racketeering, and assault with a dangerous weapon in aid of racketeering.[8]

Keelen was sentenced to life in prison and is presently serving his term of imprisonment in a federal prison. While Keelen has not yet sought relief pursuant to 28 U.S.C. § 2255, his filings indicate he plans to seek this and other potential collateral relief in the future. The Court will address each of his requests below.

II. **LAW AND ANALYSIS**

  A. **Motions for Production of Documents**

As an initial matter, a federal prisoner is not entitled to obtain discovery "of transcripts, indictments, search warrants, or other records" prior to the filing of a § 2255 motion to vacate, set aside or correct the sentence.[9]

---

[5] R. Doc. 308.
[6] *Id.* (charging Keelen in Counts 1, 2, 3, 21, 22, 23, 24, and 25).
[7] R. Docs. 710, 760.
[8] *United States v. McLaren*, 13 F.4th 386 (5th Cir. 2021).
[9] *See Brown v. United States*, 438 F.2d 1385, 1385 (5th Cir. 1971) (affirming the denial of a motion seeking a copy of a trial transcript for use in a future collateral attack on a conviction where no petition for post-conviction relief was pending when the motion was filed and the motion failed to set forth any grounds of attack on movant's sentence); *Skinner v. United States*, 434 F.2d 1036, 1037 (5th Cir. 1970) ("We have consistently held that where a federal prisoner has not attempted to file a petition collaterally attacking his conviction, he is not entitled to obtain copies of court records at the government's expense under 28 U.S.C. 2255 to search the record for possible error."); *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970) (affirming the denial of a motion requesting an indictment and transcripts because "[a] federal prisoner is

Turning first to Keelen's request for a copy of his trial transcript at the Government's expense, Keelen contends he is entitled to this transcript because he "intends" to seek relief pursuant to § 2255 at some point in the future and he has no assets to pay the costs associated with this action.[10] Keelen is incorrect about what he is entitled to under the law. While it is true that an indigent defendant may obtain a free transcript in proceedings brought under 28 U.S.C. § 2255 if the judge certifies that the suit is not frivolous and that the transcript is needed to decide the issue presented by the suit,[11] the law does not entitle a federal prisoner to obtain transcripts at the Government's expense for the purpose of preparing a case pursuant to 28 U.S.C. § 2255.[12] Accordingly, because there is no pending § 2255 proceeding and Keelen's request is based on his intention to seek such relief at some point in the future, Keelen's motion for production of the complete trial transcript at the Government's expense is denied.

In a separate motion, Keelen also seeks production of: (1) "[t]he complete work product of the United States Attorney" assigned to his case for the entirety of the federal proceedings against him, (2) "the complete transcribed presentment to the Grand Jury,"

---

not entitled to obtain copies of court records at Government expense for the purpose of searching the record for possible error"). *See also United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020).

Although *Cuya* is an Eleventh Circuit decision, the *Cuya* court recognized that while this specific issue had not been dealt with in that circuit "in a published decision in many years," it found a clear answer "under controlling case law." *Id.* at 971–72. The controlling case law on which *Cuya* relied came from a litany of Fifth Circuit decisions that bind both this Court and the *Cuya* court. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding upon the Eleventh Circuit).

[10] R. Doc. 1097.
[11] *See* 28 U.S.C. § 753(f); *United States v. Brooks*, No. 12-175, 2023 WL 5352115, at *2 (E.D. La. Aug. 21, 2023); *United States v. Stovall*, No.16-68, 2021 WL 4439608, at *1 (E.D. La. Sept. 28, 2021); *United States v. Skipper*, No. 93-315, 1996 WL 560353, at *1 (E.D. La. Sept. 30, 1996).
[12] *See United States v. Agbomire*, 239 F. App'x. 929 (5th Cir. 2007); *Brown*, 438 F.2d 1385; *Skinner*, 434 F.2d 1036; *Walker*, 424 F.2d 278; *Harless v. United States*, 329 F.2d 397 (5th Cir. 1964).

and (3) "[a]ll work product of the investigative process conducted by law enforcement including but not limited to all personal work notes and witness interview media, electronic or other media."[13] Keelen again avers in his two-page filing that he "intends to engage in a collateral attack upon his conviction" pursuant to 28 U.S.C. § 2255 and further avers in conclusory fashion that he needs these materials "to prove an allegation of several egregious errors of a constitutional magnitude."[14] Because, as previously explained, applicable law does not allow discovery prior to the filing of a § 2255 motion,[15] the Court denies Keelen's request for these records.

### B. Motion to Compel Defense Counsel to Surrender Case File

Turning next to Keelen's request that this Court compel his former defense counsel to surrender his case file,[16] the Court finds persuasive the reasoning and analysis contained in *United States v. Davis,* No. 4:17-cr-264-O, 2019 WL 7987814, at *1–2 (N.D. Tex. Nov. 27, 2019). Keelen relies on the same authorities relied upon by the movant in *Davis*, who sought an order from the district court compelling his former defense counsel to surrender his case file because the file was necessary for the timely preparation of a motion to vacate, set aside, or correct sentence to be filed under 28 U.S.C. § 2255. After analyzing the authorities cited by the movant, the *Davis* court denied the motion and explained that "[a]bsent a pending question of fact for which the attorney's case file is material to resolution of the question, the issue of a client's request for attorney's case file is a matter

---

[13] R. Doc. 1106.
[14] *Id.*
[15] *See supra* note 9.
[16] R. Doc. 1101.

4

that should be resolved between the attorney and client, not in federal court."[17] Here, like in *Davis,* Keelen has not filed a § 2255 motion, and there are no fact issues presently pending before this Court for resolution. Under these circumstances, the Court finds no sufficient legal justification to grant Keelen's motion and therefore denies his request for an order compelling the production of his case file from his prior counsel.[18]

### C. Motions to Proceed *In Forma Pauperis*

In conjunction with both of his motions to compel production of documents, Keelen also moves the Court to allow him to proceed *in forma pauperis*.[19] Because the Court finds none of Keelen's requests for documents and materials are appropriate under applicable law, the Court need not determine whether Keelen is entitled to receive these materials without charge.[20] Accordingly, the Court denies his requests to proceed *in forma pauperis* as moot.

### III. CONCLUSION

Therefore, for all the foregoing reasons:

**IT IS ORDERED** that Keelen's "Motion for the Production of Documents – Motion to Proceed *In Forma Pauperis*" (R. Doc. 1097) is **DENIED IN PART** and

---

[17] *Davis*, 2019 WL 7987814, at *1.

[18] *See id. See e.g.*, *United States v. Trevino*, 554 F. App'x 289, 295 (5th Cir. 2014) (per curiam) (finding that the district court did not abuse its discretion by denying request of a § 2255 movant for production of his attorney's case file when movant had not set forth specific allegations of fact justifying production of the file).

[19] R. Docs. 1097, 1106.

[20] *See e.g.*, *United States v. Holly*, No. 13-147, 2023 WL 6037832, at *1 (E.D. La. Sept. 15, 2013) (citing *United States v. Herrera*, 474 F.2d 1049, 1049–50 (5th Cir. 1973)) ("[B]eing an indigent, without more, does not entitle a movant to a free sentencing transcript."); *Agbomire*, 239 F. App'x at 929–30 (affirming a district court's denial of a defendant's request for free court records because the defendant "did not have a § 2255 motion pending before the district court.").

**DENIED AS MOOT IN PART**. The motion is **DENIED** as to Keelen's request for production of the trial transcript. The motion is **DENIED AS MOOT** as to Keelen's request to proceed *in forma pauperis*.

 **IT IS FURTHER ORDERED** that Keelen's "(1) Motion for the Production of Documents (2) Motion to Proceed *In Forma Pauperis*" (R. Doc. 1106) is **DENIED IN PART** and **DENIED AS MOOT IN PART**. The motion is **DENIED** as to Keelen's request for production of the documents and materials identified in paragraph 1 of the motion. The motion is **DENIED AS MOOT** as to Keelen's request to proceed *in forma pauperis*.

 **IT IS FURTHER ORDERED** that Keelen's Motion to Compel Defense Counsel to Surrender Case File (R. Doc. 1101) is **DENIED**.

 New Orleans, Louisiana, this 25th day of January 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**